**Florine EARLS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–83–062–CR.**

Court of Appeals of Texas,
Texarkana.

March 13, 1984.

William P. Allison, Lynch, Zimmerman,
White & Allison, Austin, for appellant.

Ronald Earle, Dist. Atty., Austin, for appellee.

BLEIL, Justice.

Florine Earls appeals her conviction of unlawful possession of a handgun on premises licensed to sell liquor. She contends that the trial court erred in admitting the gun—seized from her purse—as evidence. We affirm.

About one A.M. on January 11, 1980, Austin police officer Rex Reed received a call over his police radio to proceed to the Victory Bar and Grill in Austin. The call reported that a black female named Veronica Hodges was in the bar and had a gun. Police officer Joseph Thompson and Texas Alcoholic Beverage Commission agents J.T. Seaholm and Tommy Wooley heard the call and responded as backups. The officers and inspectors arrived at the bar within a few minutes of each other.

Reed spoke with a man who stated that Veronica Hodges, described as a black woman with long, stringy hair, was inside with a gun. While Reed and the man stood in front of a window, they noticed two black women getting up from their table and preparing to leave through the east door. The man excitedly pointed in the direction of the women and exclaimed, "there she is!" Reed related the woman's description to Thompson. Thompson thought both women fit the general description of a black woman with long, stringy hair. The agents stopped Veronica Hodges outside the bar and grill. They detained, frisked, questioned, and released her.

Meanwhile, Thompson stopped Earls after he observed her walk toward the door with Hodges, then turn and hurriedly walk toward the rear of the bar and grill. Earls complied when asked to stop. Thompson identified himself as a police officer and asked Earls if she had a gun; she replied that she did not. He asked her to open her purse. She did. Thompson seized a pistol inside. He then arrested Earls.

Earls argues that the trial court erred in denying her motion to suppress evidence because the authorities had no reasonable suspicion to stop her or probable cause to arrest her. She also argues that the trial court erred in admitting the weapon seized into evidence because it was the fruit of an illegal arrest.

■ Circumstances falling short of probable cause for an arrest may justify temporary detention for purposes of investigation. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Schwartz v. State*, 635 S.W.2d 545 (Tex.Cr. App.1982); *Ferguson v. State*, 573 S.W.2d 516 (Tex.Cr.App.1978). To justify an investigative stop, an officer must be able to point to specific and articulable facts which, when taken together with rational inferences from those facts, warrant the intrusion on the person stopped for further investigation. *U.S. v. Brignoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); *Schwartz v. State*, supra; *Williams v. State*, 629 S.W.2d 146 (Tex.App.— Dallas 1982, no pet.) A police radio call or anonymous phone call may provide sufficient basis for an investigative stop but does not justify a warrantless arrest or search. *Clemons v. State*, 605 S.W.2d 567 (Tex.Cr.App.1980); *Ferguson v. State*, supra. We look to the totality of circumstances surrounding the event in determining whether the police conduct was reasonable. *Gholson v. State*, 542 S.W.2d 395 (Tex.Cr.App.1976), *cert. denied*, 432 U.S. 911, 97 S.Ct. 2960, 53 L.Ed.2d 1084 (1977).

■ Were the police justified in temporarily detaining Earls? The police stopped and frisked Veronica Hodges outside the bar and grill and found no gun. Earls apparently saw the police outside with Hodges, turned and walked hurriedly toward the rear of the bar and grill. Thompson was unable to determine which of the two women was Veronica Hodges, since both women generally fit her description. Under these circumstances, we conclude Thompson had specific articulable facts upon which to base the detention.

■ Was the search of Earls' purse proper? A protective search for weapons

may extend to an area beyond the person in the absence of probable cause to arrest. *Michigan v. Long,* —— U.S. ——, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). It is unreasonable to deny a police officer the right to neutralize the threat of physical harm when he possesses an articulable suspicion that an individual is armed or dangerous. We hold the search of Earls' purse to be justified. Therefore the trial court properly admitted the gun into evidence.

Earls also claims that the trial court erred in admitting into evidence the affidavit of Joe Darnell, assistant administrator of the Texas Alcoholic Beverage Commission, with an attached copy of the license given to the Victory Bar and Grill. Darnell stated in the affidavit that he was the custodian of the records and that a true and correct copy of the license was attached. Official public records or certified copies thereof are admissible under Tex. Rev.Civ.Stat.Ann. art. 3737e (Vernon Supp. 1982–1983). *Porter v. State,* 623 S.W.2d 374 (Tex.Cr.App.1981), *cert. denied,* 456 U.S. 965, 102 S.Ct. 2046, 72 L.Ed.2d 491 (1982).

We affirm the trial court's judgment.