Alfonso MALDONADO, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–00583–CR.

Court of Appeals of Texas, Houston (1st Dist.).

April 22, 1993.

Katherine Scardino, Houston, for appellant.

John B. Holmes, Jr., Kimberly Aperauch Stelter, Glenn Cook, Houston, for appellee.

Before HEDGES, DUGGAN and O'CONNOR, JJ.

## OPINION

HEDGES, Justice.

The trial court below found appellant, Alfonso Maldonado, guilty of the offense of possession of a controlled substance weighing less than 28 grams and sentenced him to four-years confinement. In three points of error, appellant complains of the trial court's ruling on his pretrial motion to suppress evidence. We affirm.

Harris County Deputy Sheriff Steven Theis was on patrol on February 9, 1992, when an unidentified man flagged down his patrol car. The man told Deputy Theis that an Hispanic man with a scraggly beard, wearing blue jeans and a dirty gray jacket, was "causing problems" in the parking lot of the Ollie Motel. Deputy Theis drove to the motel and spotted appellant, who fit the description given by the man in the street.

Deputy Theis got out of his patrol car, approached appellant and asked him if he worked at the motel. He testified that appellant "appeared to be highly nervous, kept looking around, [and] wouldn't look me directly in the eye when I was speaking with him." Although he asked appellant several times to keep his hands out of his pockets, appellant repeatedly thrust his hands into his pockets. When the deputy asked him for identification, appellant made a "quick sudden motion" reaching for his back pocket. Deputy Theis grabbed appellant's arm, asked him to place his hands on the patrol car, and patted him down for weapons. During the patdown, the deputy felt a long, slim, metallic object in appellant's right front pants pocket. Believing that the object could be a pocket knife, he removed the object from appellant's pocket. When he discovered that the object was a crack pipe, he arrested appellant. At the station, the crack pipe field-tested positive for cocaine.

The trial court is the sole finder of fact at a hearing on a motion to suppress evidence and may choose to believe any or all of the witnesses' testimony. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990). On appellate review, the evidence adduced at the suppression hearing is viewed in the light most favorable to the trial court's ruling. *Perez v. State*, 818 S.W.2d 512, 514 (Tex.App.—Houston [1st Dist.] 1991, no pet.); *see Daniels v. State*, 718 S.W.2d 702, 704 (Tex.Crim.App.1986).

In point of error one, appellant asserts that "[t]he information received from an 'unknown tipster' was not reliable and was insufficient to form the basis for probable cause for a search." Although framed in

terms of *probable cause for a search*, appellant actually argues that Deputy Theis made an *impermissible investigative stop*. He asserts that an investigative stop is permissible only when an officer suspects that a crime has been or is about to be committed. In this case the "tipster" never told the deputy that appellant had committed a crime, and appellant did not commit a crime in the deputy's presence. Therefore, the appellant concludes, Deputy Theis had "insufficient basis for even an investigatory stop."

■ Not every encounter between a citizen and a police officer amounts to a seizure requiring constitutional justification. *Taylor v. State*, 820 S.W.2d 392, 395 (Tex.App.—Houston [14th Dist.] 1991, no pet.). "[L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, [or] by putting questions to him if the person is willing to listen...." *Florida v. Royer*, 460 U.S. 491, 497, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229 (1983). Thus, as long as the person is free to walk away, no fourth amendment stop or detention occurs if a police officer merely approaches a person in a public place and asks questions. *Perez*, 818 S.W.2d at 515. An investigative stop requiring articulable suspicion occurs only when a police officer accosts an individual and restrains his freedom. *See Terry v. Ohio*, 392 U.S. 1, 16, 88 S.Ct. 1868, 1877, 20 L.Ed.2d 889 (1968).

■ We find that it was permissible for Deputy Theis to approach appellant, to ask if he worked at the motel, to request that he remove his hands from his pockets, and to request that he provide some identification. Appellant was not detained until Deputy Theis grabbed his arm. Because the deputy's conduct up to this point did not constitute a stop or detention, appellant's fourth amendment rights were not implicated. We overrule point of error one.

In points of error two and three, appellant argues that even if the "investigative stop" were permissible, Deputy Theis had insufficient probable cause to search. He

further argues that the long, metallic, slim object the deputy felt in appellant's pocket did not warrant a search into his pockets. We disagree.

■ Appellant incorrectly asserts that Deputy Theis needed probable cause to conduct a patdown search. The issue before this Court is not probable cause, but rather the *reasonableness* of the search and seizure of the crack pipe. *Worthey v. State*, 805 S.W.2d 435, 436 (Tex.Crim.App. 1991). We must determine "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *Terry*, 392 U.S. at 19–20, 88 S.Ct. at 1879; *Worthey*, 805 S.W.2d at 436. Under *Terry*, an officer's self-protective search for weapons is justified if the officer has reason to believe he is dealing with an armed individual, regardless of whether he has probable cause to arrest. *Terry*, 392 U.S. at 27, 88 S.Ct. at 1883; *Harris v. State*, 827 S.W.2d 49, 51 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). The officer need not be absolutely certain that the individual is armed. The issue, rather, is whether a prudent person in the officer's circumstances would be warranted in the belief that his safety or the safety of others was in danger. *Terry*, 392 U.S. at 27, 88 S.Ct. at 1883; *Harris*, 827 S.W.2d at 51. Thus, an officer need only have a reasonable belief that the person with whom he is dealing is armed and dangerous; probable cause is not required. *Terry*, 392 U.S. at 27, 88 S.Ct. at 1883; *Worthey*, 805 S.W.2d at 437. To establish the reasonableness of an officer's conduct, the record must contain "specific and articulable facts" that, when taken together with rational inferences from those facts, would warrant a self-protective search for weapons. *Terry*, 392 U.S. at 21, 88 S.Ct. at 1880; *Worthey*, 805 S.W.2d at 438.

In *Worthey*, while San Antonio police officers conducted a search of a residence pursuant to a lawful search warrant, the defendant and another individual walked up to the house. The search warrant did not name the defendant. Two officers ap-

proached the pair, identified themselves, and told them to keep their hands "where they were." The defendant clutched her purse and turned to her side, away from the officers. Fearing that the defendant had a gun in her purse, one of the officers took the bag and conducted a patdown search for weapons. Because he could not feel the center of the purse, the officer opened it; inside he found contraband and drug paraphernalia. *Worthey*, 805 S.W.2d at 437. The court noted that the hour was late, that the night was dark, and that the defendant had disobeyed the officers' instructions not to move her hand. The court concluded that the search of the interior of the purse was justified because "[a]t the time [the officer] searched for weapons, he had a reasonable belief that [defendant] could have been armed and dangerous." *Id.* at 439.

■ In the case before us, an informant had advised Deputy Theis that a man fitting appellant's description was "causing trouble." Appellant appeared nervous, avoided eye contact, and twice disobeyed the deputy's instructions to keep his hands out of his pockets. The deputy testified that when he asked for identification, appellant made a "quick sudden motion" reaching for his back pocket, whereupon "I just grabbed his arm because I didn't know what he was reaching for at the time." The deputy also testified that he patted appellant down for self-protection because he thought that appellant might have a weapon.

We hold that the deputy's search of appellant was justified. The totality of the circumstances demonstrate that he had a reasonable belief that appellant could have been armed and dangerous. We disagree with appellant that because he was already against the patrol car, it was "illogical" for the deputy to feel threatened by the long, metallic, slim object in appellant's pocket. The deputy testified he thought the object might be a pocketknife. We agree with the State that "[i]t is unreasonable to deny a police officer the right to neutralize the threat of physical harm once he possesses an articulable suspicion that an individual is armed or dangerous." *Earls v. State,* 668 S.W.2d 453, 454 (Tex.App.—Texarkana 1984, no pet.).

We overrule points of error two and three.

We affirm the judgment of the trial court.