Ronald CARMOUCHE, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–98–077CR.

Court of Appeals of Texas,
Beaumont.

Submitted Jan. 4, 1999.

Decided Jan. 27, 1999.

Discretionary Review Granted
June 16, 1999.

Barry R. Bryan, Lufkin, for appellant.

Clyde M. Herrington, Dist. Atty., J. Dawn Armstrong, Asst. Dist. Atty., Lufkin, for state.

Before WALKER, C.J., BURGESS, and STOVER, JJ.

## OPINION

DON BURGESS, Justice.

A jury convicted Ronald Carmouche of the offense of possession of a controlled substance and sentenced him to twenty years of confinement in the Texas Department of Criminal Justice, Institutional Division, and a $10,000 fine. Carmouche brings one point of error on appeal. In his sole point of error, Carmouche complains the trial court erred in overruling his motion to suppress and "in permitting the introduction of evidence ob-

tained as the result of an unlawful search and arrest." Carmouche argues the officers who arrested him did not have "probable cause to justify the warrantless search conducted on Appellant."

In *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim.App.1997), the Court of Criminal Appeals outlined the standard of review appellate courts must use in motion to suppress cases. In *Guzman*, the court held that courts of appeals should afford almost total deference to a trial court's determination of the historical facts that the record supports. *Id.* at 89. Furthermore, the courts of appeals should afford the same amount of deference to the trial court's rulings on application of law to fact questions, referred to as mixed questions of law and fact, if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id.* However, de novo review of these mixed questions of law and fact may be applied where the resolution thereof is not restricted to an evaluation of credibility and demeanor. *Id.* Therefore, because the trial court's decision to grant or deny the motion to suppress turned on the court's assessment of witness credibility and demeanor, we will review the record applying a deferential, abuse of discretion standard of review.

The facts of this case are as follows: in August 1996, Ricky Allen, a narcotics investigator with the Texas Department of Public Safety, received a phone call from Phylliss Williams, an informant. Williams told Allen that she and Carmouche would be traveling from Harris County to Nacogdoches and that Carmouche would be in possession of cocaine. Williams could not give information about the kind of car they would be traveling in so Allen instructed her to stop at a specific gas station en route so that officers could identify the vehicle. Allen made visual contact with Williams at an Exxon station in Corrigan, Texas. Williams was driving and Carmouche was a passenger. Williams' car was under visual surveillance until the car reached Lufkin, where Trooper Kervin Largent followed the car and stopped it for a traffic violation. The vehicle was searched after Williams consented. Largent patted down Carmouche and found him to be in possession of over

nineteen hundred dollars. Cocaine was not found on Carmouche during his first pat-down.

The informant, Williams, subsequently told Texas Ranger Aaron D. Williams that Carmouche hid the cocaine in the crotch area of his pants. Ranger Williams then approached Carmouche and asked if he would consent to a pat-down. Carmouche responded that he had already been searched. Ranger Williams asked him if he could do another pat-down. Carmouche shrugged, turned around, and put his hands on the car and stood in the position to be searched. Ranger Williams then placed his hands on Carmouche's crotch area where the package of cocaine was located. He removed a large package of cocaine from Carmouche's pants. During a subsequent inventory of the car, Largent found a set of gram scales.

Carmouche alleges "the facts as articulated by officers did not warrant the investigative stop or the continued detention of appellant after the initial search." He further urges that the officers did not have probable cause to search him and that his continued detention and second pat-down exceeded the scope of the investigative detention.

■ Generally, an investigative detention is justified under both the state and federal constitutions if the officer, based on specific and articulable facts, reasonably surmises that the detained person may be associated with a crime. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); *Davis v. State*, 829 S.W.2d 218, 219 (Tex.Crim.App.1992). Having observed a traffic violation, Officer Largent acted reasonably when he stopped the vehicle in which Carmouche was a passenger. *Strickland v. State*, 923 S.W.2d 617, 620 (Tex.App.—Houston [1st Dist.] 1995, no pet.). As part of this temporary detention, it was permissible for Largent to ask Carmouche to step out of the automobile. *Id.*

■ A pat-down search during a detention is permissible when the police officer reasonably suspects he is dealing with an armed and dangerous individual. *Maldonado v. State*, 853 S.W.2d 746, 748 (Tex.App.—Houston [1st Dist.] 1993, no pet.)(citing *Ter-*

*ry*, 392 U.S. at 27, 88 S.Ct. at 1883). The officer does not have to be absolutely certain that the individual is armed, nor does he have to have probable cause to arrest. *Id.* Rather, the issue is whether a reasonably prudent person in the same circumstances would be warranted in the belief that his or her safety or that of others is in danger. *Id.* The record must contain "specific and articulable facts" that, when taken together with rational inferences from those facts, would warrant a self-protective search for weapons. *Worthey v. State*, 805 S.W.2d 435, 438 (Tex. Crim.App.1991).

■ The record reflects that Largent stopped the vehicle for a traffic violation. He then asked Carmouche if he could search him for his protection. Largent was acting on previous information that had been relayed to him concerning the informant Williams and Carmouche. Marvin McLeroy, DPS, had informed Largent that Williams and Carmouche were transporting drugs. At the time of the stop, Largent first searched the vehicle and found nothing. Williams then informed the officers that Carmouche had the drugs on his person. Largent subsequently searched Carmouche and found $1,900. Because Largent had reasonable suspicion to believe that Carmouche was involved in criminal activity, we find Largent acted properly in conducting the pat-down of Carmouche.

■ We next address Carmouche's argument that his second pat-down and continued detention exceeded the scope of the investigative detention. The State argues that Carmouche consented to the second pat-down. When the State seeks to rely upon consent to justify the lawfulness of a warrantless search, it has the burden of proving by clear and convincing evidence that the consent was given freely and voluntarily. *Byrd v. State*, 835 S.W.2d 223, 226 (Tex. App.—Waco 1992, no pet.). The State must demonstrate that the consent was given positively and unequivocally and without actual or implied coercion. *Lopez v. State*, 663 S.W.2d 587, 590 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd). This issue is a question of fact that should be decided by the trial court in ruling on the admissibility of the seized evidence. *Gilmore v. State*, 666

S.W.2d 136, 148 (Tex.App.—Amarillo 1983, pet. ref'd).

In the present case, Ranger Williams testified during trial and during the motion to suppress hearing that Carmouche consented to the second pat-down. Carmouche did not put on any evidence contradicting Ranger Williams' opinion. Consequently, the trial court could have found that Carmouche consented to the second pat-down.

Additionally, we do not find his continued detention exceeded the scope of an investigative detention. An investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop, and the investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time. *Florida v. Royer*, 460 U.S. 491, 500, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). The record reflects that Carmouche was not unreasonably delayed. Indeed only a matter of minutes elapsed between the time the vehicle was stopped and when Carmouche was patted down the second time.

For the above reasons, we cannot say the trial court abused its discretion in overruling his motion to suppress. We overrule Carmouche's sole point of error. The judgment of the trial court is AFFIRMED.