**Ronald CARMOUCHE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–98–077 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Jan. 4, 1999.

Decided Aug. 2, 2000.

Ronald C. Carmouche, Woodville, pro se.

Clyde Herrington, Dist. Atty., Albert J. Charanza, Jr., Asst. Dist. Atty., Lufkin, for state.

Before WALKER, C.J., BURGESS, and STOVER, JJ.

## OPINION ON REMAND

DON BURGESS, Justice.

A jury convicted Ronald Carmouche of the offense of possession of a controlled substance and sentenced him to twenty years of confinement in the Texas Department of Criminal Justice, Institutional Division, and a $10,000 fine. Carmouche appealed, bringing a single point of error. On original submission, this court overruled his point and affirmed the conviction. *Carmouche v. State*, 989 S.W.2d 392 (Tex. App.—Beaumont 1999). The Court of Criminal Appeals reversed on the basis this court erred in concluding the trial court could have found Carmouche consented to the search and remanded the case for consideration of the State's alternative theory that the search was supported by probable cause. *Carmouche v. State*, 10 S.W.3d 323, 333 (Tex.Crim.App. 2000). The issue was raised in this court but not reached. We now address it.

■ When the facts justify the conclusion that the property which is the object of the search is probably in the area to be searched, probable cause exists. *See State v. Carter*, 936 S.W.2d 408, 411(Tex.App.— Beaumont 1996, no pet.). We use a "totality of the circumstances" test in evaluating probable cause. *Id.* Under that test, we consider an informant's reliability as well as the basis of the informant's knowledge. *Id. See also Neese v. State*, 930 S.W.2d 792, 799–800 (Tex.App.—Beaumont 1996, pet. ref'd) (Where the only basis for the arrest was the tip from a confidential informant whose veracity, reliability, and credibility were never established, and there was no evidence in the record of any basis for her knowledge, the test was not met.).

■ Briefly, the facts relevant to the issue currently before this court are set forth. Phylliss Williams phoned Ricky Allen, a narcotics investigator with the Texas Department of Public Safety, and told Allen that she and Carmouche would be traveling from Harris County to Nacogdoches and that Carmouche would be in possession of cocaine. Sergeant Allen testified Ms. Williams had given reliable and accurate information multiple times prior to August of 1996. Texas Ranger Aaron D. Williams, who worked with Allen, testified he was familiar with Ms. Williams, had used her on several occasions, and the information had always been true, reliable and correct. Ms. Williams had discussed Carmouche with Sergeant Allen on prior occasions, having told him Carmouche was involved in the cocaine business in Houston and was a friend of her husband. Ms. Williams could not provide information as to the kind of car they would be traveling in so Allen instructed her to stop at a specific gas station en route so that officers could identify the vehicle. Ms. Williams' information regarding the date and time they would be traveling, appellant's name and description, and that they would be traveling from Houston to Nacogdoches in a rental car proved correct. Allen made visual contact with Ms. Williams at an Exxon station in Corrigan, Texas. The car was under visual surveillance until it reached Lufkin, where it was stopped. Carmouche was patted down and found to be in possession of over $1,900. Ms. Williams then told Ranger Williams that she had seen Carmouche

place the cocaine in his pants. Subsequently, a package containing approximately 253 grams of powder cocaine was recovered from the crotch area of Carmouche's pants.

As the facts set forth above show, the reliability of Ms. Williams was established through the testimony of Sergeant Ricky Allen. Her information as to the location of the cocaine was based upon direct knowledge from personal observation. Considering the totality of the circumstances, we cannot say the trial court abused its discretion in overruling Carmouche's motion to suppress. Point of error one is overruled. The judgment of the trial court is AFFIRMED.