NO. 07-02-0348-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 12, 2004


______________________________




PATRICK EUGENE NASH, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. B14446-0205; HON. JACK R. MILLER, PRESIDING


_________________________________



Memorandum Opinion


__________________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Appellant Patrick Eugene Nash appeals his conviction for possession of a controlled
substance in an amount of one gram or more but less than four grams. Four issues
allegedly justifying reversal are asserted. Each involves whether the trial court abused its
discretion in denying appellant's motion to suppress. One involves whether there was no
"probable cause to search" him, two involve whether there was insufficient evidence to
justify an arrest, and another involves whether the search was not "a permissible stop and
frisk." The last issue need only be addressed for it is dispositive of the others. We reform
the judgment of the trial court and, as reformed, affirm it.

Background
 

 At 10:39 p.m., on April 15, 2002, the local police dispatcher, Larry Rocha, received
an anonymous call. The person told Rocha that an individual inside a black Ford Explorer
in front of 105 East Brazier Street was "'disturbing [the] peace.'" Rocha asked what he
meant, and the caller responded by saying that "he was playing his music too loud . . . ." 
The caller also gave Rocha the vehicle's license number and, before disconnecting the line,
said, "oh yeah, he keeps his dope in his right sock." At that point, Rocha dispatched
several officers to the scene to investigate. 

 One of the first policemen to respond was Officer Ward. Ward found an Explorer
with the license number described by the anonymous caller at the Brazier Street address. 
So too did he hear music coming from the vehicle. Upon arriving at the scene, Ward exited
his patrol car and approached. Several individuals around the Explorer began "backing
off." Ward "instructed them to come back in the street and speak with" him. At that point,
Ward turned and saw another person (identified as Derek Head) "throw a small bag
containing a white rock substance." Though Ward described Head as being within "close
proximity" to the vehicle, another officer said that Ward removed or talked Head into exiting
the Explorer. Nevertheless, Head was arrested, and the substance in the bag was
determined to be cocaine.

 A second officer, John Poole-Williams, had also responded to the police dispatch. 
Knowing the area to be one involving high drug traffic, he arrived at the scene momentarily
after Ward, and saw the Explorer. The front door of the vehicle was open, and appellant
sat inside on the front seat. Though the officer was not previously informed of the identity
of the person about whom the complaint was made, Poole-Williams recognized appellant. 
The latter "was a known drug dealer." 

 After seeing Ward retrieve "some dope" from Head, Poole-Williams approached
appellant and asked him to step out of the vehicle to undergo a pat-down for weapons. 
The officer believed that appellant "might be involved in narcotics activity" and knew that
weapons may be used by those engaged in that activity. During the pat-down, a plastic
bag was discovered in appellant's pocket. From experience, Poole-Williams knew that
"contraband" and "weapons" were often wrapped in plastic as a means of concealing their
identity. The item removed, however, contained money, and the pat-down continued. As
the officer came to appellant's sock, another item was discovered. The officer asked
appellant what it was, to which question appellant responded that it was "nothing." Then,
the officer reached down and removed it. As the officer did so, appellant ran away. The
item found in the sock consisted of a "rock-like substance." 

 Appellant was later arrested and indicted for the offense of possession of a
controlled substance in an amount of four grams or more but less than 200 grams. After
the court overruled his motion to suppress, he pled guilty, via a plea bargain agreement,
to the lesser offense of possession of a controlled substance in an amount of one gram or
more but less than four grams. The trial court found him guilty of the latter offense. 
Thereafter, he was granted permission to appeal. 

 Issue Four - Pat Down Search

 Through his fourth issue, appellant contends that the search cannot be justified as
a legitimate stop and frisk. This is so because Poole-Williams detained appellant based
upon nothing more than "the call from an unknown location by an unknown caller." He
personally witnessed no criminal activity nor had basis to conclude that appellant was
armed or dangerous. We overrule the issue. 

 Standard of Review

 The standard of review is one of abused discretion, as described in Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997), Benitez v. State, 5 S.W.3d 915, 921
(Tex. App.-Amarillo 1999, pet. ref'd), and LaSalle v. State, 923 S.W.2d 819, 823 (Tex.
App.-Amarillo 1996, pet. ref'd). Furthermore, when no findings of fact are executed as
here, we must view the evidence in a light favorable to the ruling. State v. Ross, 32 S.W.3d
853, 855 (Tex. Crim. App. 2000). 

 Next, one may be temporarily detained when an officer has specific and articulable
facts that, when combined with rational inferences from those facts, would lead the officer
to reasonably suspect the detainee has engaged or is (or soon will be) engaging in criminal
activity. Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). The standard is
objective. Id. Thus, the subjective intent of the officer is irrelevant. Id. Additionally, we
address the question by considering the totality of the circumstances. Id. 

 Next, once a person is detained, then a pat-down search during a detention is
permissible when the police officer reasonably suspects he is dealing with an armed and
dangerous individual. Davis v. State, 61 S.W.3d 94, 97 (Tex. App.-Amarillo 2001, no pet);
Maldonado v. State, 853 S.W.2d 746, 748 (Tex. App.-Houston [1st Dist.] 1993, no pet.)
(citing Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968)). This
does not mean that the officer must be absolutely certain that the individual is armed; nor
does the officer have to have probable cause to arrest. Davis v. State, 61 S.W.3d at 97. 
Rather, the issue is whether a reasonably prudent person in the same circumstances would
be warranted in believing that his safety or that of others is in danger. Id.; Carmouche v.
State, 10 S.W.3d 323, 329 (Tex. Crim. App. 2000) (stating that the officer must have before
him specific and articulable facts reasonably leading him to conclude that the suspect might
possess a weapon). 

 Application of the Standard

 Though an anonymous tip rarely establishes the requisite suspicion necessary to 

justify an initial detention, it usually will justify the initiation of an investigation. Garcia v.
State, 3 S.W.3d 227, 234 (Tex. App.-Houston [14th Dist.] 1999), aff'd on other grounds, 43
S.W.3d 527 (Tex. Crim. App. 2001). Here, the anonymous tipster informed the police that
someone was "disturbing the peace" by playing loud music outdoors at 10:39 at night, at
a specific street address, and from a specific vehicle. So too were the officers told of
possible drug involvement. 

 That the caller also informed the officers of the rather unique location of the drugs
possessed by appellant tends to indicate that he had some personal knowledge of the
contraband. This, coupled with the iteration of a specific type vehicle, a specific license
number of the vehicle and a specific location of the vehicle, constitute some indicia of the
reliability of the tip. See Garcia v. State, 3 S.W.3d at 237-38 (discussing the various indicia
of reliability to look for). In any case, the circumstances entitled the police to begin an
investigation. 

 When the first officer arrived, he confirmed the presence of the specific Explorer
mentioned in the police dispatch and its broadcast of music late at night at the location
given by the tipster. This provided some confirmation of the complaint about the purported
disturbance and again justified further investigation. As the officer did so, various of the
individuals present at the scene began to scatter. So too did another, who was in or
around the Explorer, attempt to rid himself of an object. These furtive gestures undertaken
in response to an officer approaching could reasonably be said to evince a consciousness
of guilt. They also provided additional basis to continue the investigation, and temporarily
detain those in and around the Explorer to confirm or to negate whether crime was afoot. 
 Next, among the individuals found at the scene was appellant. The officers knew
him to be a drug dealer. Moreover, the area in which he was found was known for its high
incidence of drug activity. And, there he sat in the front seat of the Explorer from which
emanated the music and from which another occupant had tried to discard an object as the
police approached. 

 The nature of the complaint by the anonymous caller, the time of night, the location
of the disturbance, and appellant, his reputation, and his presence with others who
attempted to flee or rid themselves of objects with which they did not want to be discovered
tended to corroborate the anonymous tip and could lead an officer to reasonably conclude
that crime was afoot and appellant was involved in it. Thus, the officers were entitled to
temporarily detain him. And, that the crime involved not only disturbing the peace but also
narcotics justified the frisk undertaken of appellant for weapons. As our Court of Criminal
Appeals has said, the nature of the suspected criminal activity may provide basis for
officers to reasonably conclude that a detainee is armed and dangerous. Carmouche v.
State, 10 S.W.3d at 330. Moreover, it is rather settled that weapons and violence are
frequently associated with drugs, thus justifying a frisk for weapons. Id. And, that the
officer may have thought to search for both weapons and narcotics while frisking the
detainee matters not, so long as he had legitimate basis to frisk for weapons. Again, the
subjective intent of the officer is irrelevant. Garcia v. State, 43 S.W.3d at 530. 

 Given the totality of the circumstances appearing of record, the trial court had ample
evidence upon which to conclude that Poole-Williams had reasonable suspicion to detain
and frisk appellant. (1) Because it did, we cannot say that it abused its discretion in refusing
to suppress the evidence ultimately discovered on appellant's person. Finally, since the
officer had reasonable suspicion to do that which he did, it does not matter whether he also
had probable cause to search. Probable cause was not needed, given the existence of
reasonable suspicion, and this obviates the need to address appellant's first three issues. 
 As an aside, we note that the reporter's record from the hearing on appellant's guilty
plea revealed that the trial court found appellant guilty of the lesser offense of possession
of a controlled substance in an amount of one gram or more but less than four grams. That
offense is a third degree felony. However, the judgment contained in the clerk's record
shows that appellant was convicted of the offense for which he was originally indicted, that
being possession of a controlled substance in an amount of four grams or more but less
than 200 grams. The latter is a felony of the second degree. Thus, the judgment
inaccurately reflects the offense for which appellant was convicted via the plea bargain. 
We have the power to correct that by reforming the judgment. Nolan v. State, 39 S.W.3d
697, 698 (Tex. App.-Houston [1st Dist.] 2001, no pet.). We do so now. The judgment of
the trial court is reformed to show that appellant was convicted of the offense of possession
of a controlled substance in an amount of one gram or more but less than four grams, a
third degree felony. As reformed, the judgment is affirmed.


 Brian Quinn

 Justice


Do not publish.

 
1. Appellant does not complain about the search exceeding the scope authorized by the circumstances. 
So, we do not address that matter.