NO. 07-04-0336-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 17, 2006

_____

ADOLPHUS EUGENE BARROW, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. B15416-0403; HON. ROBERT W. KINKAID, JR., PRESIDING

_____

Before QUINN, C.J., REAVIS, J., and BOYD, S.J.[1]

Appellant Adolphus Eugene Barrow challenges his conviction of tampering with evidence and the court-assessed punishment of 45 years in the Institutional Division of the Department of Criminal Justice.  In doing so, he contends that 1) the trial court erred in denying his motion to suppress, and 2) the evidence was legally and factually insufficient to support the conviction.  We disagree and affirm the judgment of the trial court.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005).

## Background

On August 17, 2003, Trooper Guadalupe Deluna observed a vehicle traveling toward him at a speed of 52 m.p.h. in a 45 m.p.h. zone.  He initiated a traffic stop and, upon approaching the car, observed that in addition to the driver, there was a passenger in the front seat (appellant) and one in the back seat.  He determined that the three men were brothers and he had the driver, Sammy Lee Barrow, sit in his patrol vehicle while he ran a criminal history check.  Sammy had several outstanding warrants which caused Deluna to place him under arrest.  He also determined that both passengers had felony convictions so Deluna requested backup.

Deluna could not release the vehicle to the passengers because they did not have driver's licenses so he prepared to do an inventory search and asked appellant to step out of the vehicle.  After exiting the vehicle, appellant was observed with his hand in his pocket.  Deluna asked appellant to remove his hand, which appellant did, but he then returned his hand to the pocket.  The same thing happened two other times with the officer asking appellant to remove his hand from his pocket and appellant doing so initially but then returning his hand to his pocket.  The third time appellant took his hand out of his pocket, he did so in a fist, which caused Deluna to believe that appellant was holding something.  Deluna decided to perform a pat-down search for his safety.  He ordered appellant to put his hand on the car and grabbed it to position it, at which time appellant moved something from his left hand to his right hand and then put his right hand to his mouth.  The officer pried open appellant's mouth and observed a small off-white colored rock which he believe to be either cocaine or methamphetamine.  Deluna ordered appellant to spit out the rock,

2

but appellant swallowed it instead, after which appellant was arrested for tampering with evidence. Appellant was later taken to the hospital as a precaution for any ill effects he might have suffered from ingesting the substance, but he refused treatment.

### *Issue 1 - Suppression of Evidence*

Appellant argues in his first issue that the trial court erred in failing to suppress the evidence discovered during the officer's pat-down search of him because the search was illegal. We overrule the issue.

We review the trial court's ruling on a motion to suppress under the standard announced in *Guzman v. State,* 955 S.W.2d 85 (Tex. Crim. App. 1997). Thus, we give almost total deference to the trial court's findings of historical fact and review *de novo* its application of the law to the facts. *Id.* at 89.

Appellant does not contest the initial detention of the vehicle and its occupants. Once a person is detained, a pat-down search is permissible when the police officer reasonably suspects he is dealing with an armed and dangerous individual. *Davis v. State,* 61 S.W.3d 94, 97 (Tex. App.--Amarillo 2001, no pet.); *Maldonado v. State,* 853 S.W.2d 746, 748 (Tex. App.--Houston [1st Dist.] 1993, no pet.) (citing *Terry v. Ohio,* 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968)). The officer neither has to be absolutely certain that the individual is armed nor have probable cause to arrest. *Davis v. State,* 61 S.W.3d at 97. The issue is whether a reasonably prudent person in the same circumstances would be warranted in believing that his safety or that of others is in danger. *Carmouche v. State,* 10 S.W.3d 323, 329 (Tex. Crim. App. 2000) (the officer must have specific and articulable facts reasonably leading him to conclude that the suspect might possess a weapon).

3

A pat-down was found to be justified in *Strickland v. State,* 923 S.W.2d 617, 620 (Tex. App.--Houston [1st Dist.] 1995, no pet.) when the suspect repeatedly attempted to place his hands in his pockets despite being ordered to move them, there was a bulge in his pocket, and he appeared nervous. The facts known by the officer here were that appellant and the other two persons in the vehicle were known felons, with one of them having outstanding warrants, appellant acted nervous, the officer knew appellant's reputation in the community to not be that of a peaceful and law abiding person in that he had drug offenses, and appellant more than once put his hands in his pockets after being ordered by the officer to remove them. Thus, the officer did not rely solely on the fact that appellant appeared nervous, as appellant suggests. We find the facts similar to those in *Strickland* and that Deluna was reasonably warranted in believing that appellant might possess a weapon.

Moreover, prior to the officer actually conducting the pat-down search, he observed appellant with something in his left hand which he switched to his right upon the officer attempting to steady his left hand on the trunk of the car. The officer believed the object to be drugs or a weapon. Then appellant immediately placed the object in his mouth. At that point, Deluna pried open appellant's mouth. Once appellant put the contraband in his mouth, the officer had probable cause to seize appellant and attempt to prevent destruction of the contraband. *Sanders v. State,* 855 S.W.2d 151, 152 (Tex. App.--Houston [14th Dist.] 1993, no pet.). We find no error in the trial court's denial of the motion to suppress.

### Issue 2 - Sufficiency of the Evidence

In his second issue, appellant challenges the legal and factual sufficiency of the evidence to sustain his conviction. A person commits the offense of tampering with

4

physical evidence  if, *knowing that an investigation is pending or in progress,* he destroys or conceals anything with intent to impair its verity, legibility, or availability as evidence in the investigation. Tex. Pen. Code Ann. §37.09(a)(1) (Vernon 2003).  Appellant argues that there is no evidence or insufficient evidence that he knew an investigation for narcotics was in progress.

The standards by which we review challenges to the sufficiency of the evidence are well established.  In reviewing the legal sufficiency of the evidence, we must determine, after reviewing the evidence in the light most favorable to the verdict, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).  In reviewing the factual sufficiency, the reviewing court examines all the evidence without the prism of "the light most favorable to the prosecution"  to determine whether the evidence is so weak as to undermine confidence in the jury's determination or the adverse finding is against the great weight and preponderance of the evidence.  *Johnson v. State,* 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  Under both standards, the factfinder may reasonably infer facts from the evidence before it, credit the witnesses it cares to, disbelieve any or all of the testimony proffered, and weigh the evidence in the manner it chooses.  *Depauw v. State,* 658 S.W.2d 628, 633-34 (Tex. App.--Amarillo 1983, pet. ref'd).

Appellant was indicted for concealing a controlled substance knowing "that an investigation was in progress" as opposed to merely pending.[2]  An investigation for narcotics has been held not to be in progress when the officer approached a vehicle after

---

[2]In *Lumpkin v. State,* 129 S.W.3d 659, 663 (Tex. App.--Houston [1st Dist.] 2004, pet. ref'd), the court stated that "pending" means "impending, or about to take place."

a traffic stop and observed the driver ingesting a white substance. *See Lumpkin v. State,* 129 S.W.3d 659, 663 (Tex. App.--Houston [1ˢᵗ Dist.] 2004, pet ref'd). However, at bar, the investigation had proceeded beyond one for a traffic violation at the time appellant swallowed the substance he put in his mouth. The officer already believed that appellant had either a weapon or narcotics in his hand. At the time he pried open appellant's mouth, he observed what he believed to be either methamphetamine or cocaine. The officer then ordered appellant to spit out the substance, but instead appellant swallowed it. We believed the jury could rationally infer beyond a reasonable doubt that appellant knew he was being investigated for drug possession at the time he swallowed the evidence. This finding is also not against the great weight and preponderance of the evidence. Accordingly, appellant's issue is overruled.

We affirm the judgment of the trial court.


John T. Boyd
Senior Justice


Do not publish.