Latasha Deorisha HARRIS, Appellant

v.

The STATE of Texas, Appellee.

No. 01–90–00845–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 5, 1992.

Sylvia Yarborough, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin Hartmann, Randall Ayers, Asst. Dist. Attys., for appellee.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

This Court is asked to determine whether the trial court erred in denying a motion to suppress evidence seized pursuant to a *"Terry"* frisk for weapons. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We find that it did and reverse.

Latasha Deorisha Harris, the appellant, was charged with possessing a controlled substance, namely cocaine, weighing less than 28 grams. After the appellant's motion to suppress was denied, she pled guilty and was assessed, by agreement, punishment at five-years probation and a $500.00 fine.

Houston Police Officer R.J. Rogers testified that she was part of a raid team located at a Burger King in southwest Houston. After an undercover officer made a buy of drugs, he described the vehicle the seller was driving to the members of the team. There is no evidence the appellant was present during the drug sale, assisted it, or even knew of it. Officer Rogers, the State's sole witness, was not present at the sale. Officer Rogers testified the undercover officer did not mention the appellant. The raid team stopped the vehicle and arrested the driver.

As other members arrested the driver, Officer Rogers went around to the passenger side of the vehicle and removed the appellant from the car. When she patted the appellant for weapons, Rogers felt something metal in the appellant's front shirt pocket. Believing that it might contain a weapon, such as razor blades, knives, pins, or needles, Rogers removed the object. Rogers discovered a metal bubble gum box that looked like a band-aid box. When Rogers shook the box it rattled, and it sounded as if it contained a small knife or razors. Rogers testified she opened the box to see if it contained anything the appellant could have used against the officers; if it did not, she intended to return it to the appellant. Rogers did not want to leave the appellant in possession of anything dangerous to the officers at the scene.

Inside the box Rogers found seven rocks of crack cocaine. Rogers testified the appellant made no motion or furtive gesture, did not threaten, resist arrest or the search, or attempt to flee. The appellant was not intoxicated. There was no testimony the appellant was about to commit an offense. The police did not know the appellant or if she had a criminal record. Similar facts were deemed significant and led to reversal in *Lippert v. State*, 664 S.W.2d 712, 721 (Tex.Crim.App.1984).

Officer Rogers admitted she did not have any probable cause to arrest the appellant when she conducted the pat-down for weapons. Rogers did not testify to anything explaining her belief that the appellant might be armed, except that she was a passenger in a car driven by a man who had recently sold drugs.

■ The trial court is the sole trier of fact at a hearing on a motion to suppress, and may chose to believe or disbelieve any or all of the witnesses' testimony. *Johnson v. State*, 803 S.W.2d 272, 287 (Tex. Crim.App.1990). Because the trial court is the sole fact finder, this Court is not at liberty to disturb any finding that is supported by the record. *Id.; Green v. State*, 615 S.W.2d 700, 707 (Tex.Crim.App.1980).

### 1. The frisk

The appellant contends that the trial court erred in overruling her motion to suppress because there was no justification for a *Terry* frisk because the record does not contain any facts indicating individualized suspicion that she had a weapon.

■ In *Terry*, the Supreme Court held that an officer may conduct an investigatory detention and protective patdown when

he "observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and the persons with whom he is dealing may be armed and dangerous." *Terry*, 392 U.S. at 30, 88 S.Ct. at 1884. Under *Terry*, a police officer's self-protective search for weapons is justified if the officer has reason to believe that he is dealing with an armed individual, regardless of whether he has probable cause to arrest the individual for a crime. *Id.* The officer must be able to point to specific and articulated facts from which he reasonably inferred that the individual being searched was armed and dangerous; the officer cannot rely on an inchoate and unparticularized suspicion or "hunch." *Id.* The officer need not be absolutely certain the individual is armed; the issue is whether a reasonably prudent man in the officer's circumstances would be warranted in the belief that his safety or that of others was in danger. *Id.*

■ To assess the reasonableness of Officer Rogers' conduct in searching the appellant and in opening the appellant's metal box, "specific and articulated facts" must appear in the record which would warrant a self-protective search for weapons. *Terry*, 392 U.S. at 21, 88 S.Ct. at 1880; *see also Worthey v. State*, 805 S.W.2d 435, 438 (Tex.Crim.App.1991) (when defendant was stopped by a police officer and turned away as if to hide her purse, it justified a self-protective search of her purse for weapons); *Lippert*, 664 S.W.2d at 721 (when defendant made no furtive gestures or sudden movement toward his pocket, police were not justified in conducting a self-protective search); *Ramsey v. State*, 806 S.W.2d 954, 958 (Tex.App.—Austin 1991, no pet.) (when defendant's car was stopped by police and defendant threw a shaving kit on the floor of the car, it justified a self-protective search of the kit for weapons).

The State argues it was reasonable for Officer Rogers to suspect that a person in a car with a drug dealer might possess a weapon. Rogers, an eight year veteran, testified she had encountered situations where a similar object, the same size of the box that was taken from the appellant, had contained weapons. These reasons are merely the "unparticularized" suspicions or "hunches," which *Terry* says are not enough to justify a self-protective search.

■ *Terry* does not authorize a frisk for weapons in all confrontational encounters. *Maryland v. Buie*, 494 U.S. 325, 110 S.Ct. 1093, 1098 n. 2, 108 L.Ed.2d 276 (1990). Even in high crime areas where the possibility that any given individual is armed is significant, *Terry* requires reasonable, individualized suspicion before a frisk for weapons can be conducted. *Id.; See U.S. v. Rideau*, 949 F.2d 718, 721 (5th Cir.1991) (police could not conduct a *Terry* frisk of a person who was in a high crime area late at night). Here, we find that Officer Rogers had no reasonable, individualized suspicion to justify a *Terry* frisk.

**2. The search of the box**

■ Even if the frisk were proper, we would also confront the issue whether Officer Rogers was justified in opening the box. We find the search of the box was not justified. Because the cocaine in this case was not in Officer Rogers' plain view, the search had to be limited to the discovery of weapons that could reasonably be used to harm the officer. *Davis v. State*, No. 0200–91, 1992 WL 27806, slip op. at 4 (Tex.Crim.App., February 19, 1992) (not yet reported). During a stop and frisk, in the absence of probable cause, a police officer who reasonably fears for his or her safety, or that of others, can conduct a limited search of the *outer* clothing for weapons. *Terry*, 392 U.S. at 28, 88 S.Ct. at 1883; *Davis*, slip op. at 4; *Flores v. State*, 824 S.W.2d 704, 706, (Tex.App.—Corpus Christi, 1992 no pet.) (during *Terry* frisk, officer could not reach inside pants pocket and remove a plastic bag). The purpose of a limited search after an investigatory stop is not to discover evidence of crime, but to allow the peace officer to pursue investigation without fear of violence. *Wood v. State*, 515 S.W.2d 300, 306 (Tex.Crim.App. 1974). In *Davis*, as here, the police officer reached inside a pocket of the defendant's clothing to retrieve the small box. In

*Davis* as here, the police officer testified that when he opened the box, he was looking for a razor blade or any weapon that could hurt him. The Court of Criminal Appeals concluded that it was unreasonable for two armed police officers to fear a razor blade that might be contained in a matchbox. *Davis,* slip op. at 5. As in *Davis,* we do not believe that Officer Rogers and the other members of the raid team could reasonably fear a razor blade that might be contained in a band-aid box.

### Summary

We hold the search of the appellant and her metal box was not justified. To uphold this search, we would justify the search of any person who was near another person who is arrested. There is no evidence that when Officer Rogers searched for weapons, she had a reasonable belief, based on the required individualized suspicion, that the appellant was armed and dangerous. The trial court, therefore, erred in denying the motion to suppress.

If the arrest of the driver of a car could justify a search of all passengers without any reasonable belief to justify a self-protective search that was specific as to passengers, we would be abandoning *Terry* and approaching the notion of guilt by association.

We sustain the appellant's sole point of error, reverse the judgment, and remand the cause.