IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00152-CR

 

Mark Reed Cochrane,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 232nd District Court

Harris County, Texas

Trial Court # 919,215

 



MEMORANDUM 
Opinion



 








        This appeal concerns a conviction for possession
of cocaine.  Appellant contends that the
trial court erred in denying his motion to suppress evidence.  Appellant argues that the arresting officer
had no basis on which to stop Appellant, and that the seizure of Appellant’s
cocaine was outside the proper scope of the officer’s search of Appellant.  We will affirm.

      The
stop of Appellant was proper.  The
officer received information that Appellant and another man were stealing beer
from a gas station.  When the officer
asked Appellant to stop, Appellant disregarded the officer and got inside his
car.  These facts gave the officer
reasonable suspicion to believe that a crime was being committed.  See United
 States v. Arvizu, 534 U.S. 266, 273 (2002); Terry v. Ohio, 392 U.S. 1, 30 (1968); Corbin v. State, 85 S.W.3d 272, 276 (Tex. Crim. App. 2002).

      The
seizure of Appellant’s cocaine was likewise proper.  After the officer performed a Terry search of Appellant’s person,
Appellant told the officer that he had several hypodermic needles in his pocket.  Such needles can be used as a weapon.  See
Thomas v. State, 884 S.W.2d 215, 217, 218 (Tex. App.—El Paso 1994, pet.
ref’d); Harris v. State, 827 S.W.2d
49, 50 (Tex. App.—Houston [1st Dist.] 1992, pet. ref’d).  The lone officer was detaining two possibly
intoxicated men.  The officer thus
reasonably seized Appellant’s needles.  See Adams v.
Williams, 407 U.S. 143, 147-48 (1972).  In the course of removing the needles from
Appellant’s pocket, the officer found a straw that had cocaine on it, and
properly seized it.  See Michigan v.
Long, 463 U.S. 1032, 1050 (1983); Texas v. Brown, 460 U.S. 730, 737-39 (1983) (plurality op.); Walter v. State, 28 S.W.3d 538, 541
(Tex. Crim. App. 2000).

      Accordingly,
we overrule Appellant’s issues, and affirm the judgment.

TOM
GRAY

Chief Justice

Before
Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

Opinion
delivered and filed August 25, 2004

Affirmed

Do
not publish

[CR25]