ACCEPTED
12-15-00059-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
6/15/2015 5:09:45 PM
CATHY LUSK
CLERK

**12-15-00059-CR**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
6/15/2015 5:09:45 PM
CATHY S. LUSK
Clerk

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**DERRICK DEMOND COOKS**

**Appellant,**

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
6/15/2015 5:09:45 PM
CATHY S. LUSK
Clerk

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the 241st District Court of Smith County, Texas
Trial Cause No. 241-1485-14

**ORAL ARGUMENT REQUESTED**

Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile:  (866) 387-0152

# IDENTITY OF PARTIES AND COUNSEL

**Attorney for Appellant**

Appellate Counsel:
Austin Reeve Jackson
112 East Line, Suite 310
Tyler, TX 75702

Trial Counsel:
Don Davidson
PO Box 1105
Tyler, TX 75710

**Attorney for the State on Appeal**

Michael J. West
Assistant District Attorney, Smith County
4th Floor, Courthouse
100 North Broadway
Tyler, TX 75702

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ...................................................................ii

TABLE OF CONTENTS.....................................................................................iii

INDEX OF AUTHORITIES ..............................................................................iv

STATEMENT OF THE CASE.............................................................................2

ISSUE PRESENTED..........................................................................................2

STATEMENT OF FACTS .................................................................................2

SUMMARY OF THE ARGUMENT ..................................................................4

ARGUMENT .....................................................................................................5

    **I.    BECAUSE THE SEARCH OF MR. COOKS' POCKETS EXCEEDED THE SCOPE OF ANY LEGALLY PERMISSIBLE SEARCH, THE TRIAL COURT ERRED IN DENYING HIS MOTION TO SUPPRESS.** ...............................................5

    Standard of Review.........................................................................................5

    Mr. Cooks Was Detained................................................................................

    The Search Exceeded the Limited Scope Search Authorzied by *Terry*....................8

    There Was No Valid Consent to the Search ...........................................................11

CONCLUSION AND PRAYER ...............................................................................13

CERTIFICATE OF SERVICE ................................................................................14

CERTIFICATE OF COMPLIANCE.........................................................................14

# INDEX OF AUTHORITIES

**UNITED STATES SUPREME COURT:**

*Adams v. Williams,*
407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972).....................................8

*Florida v. Bostick,*
501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991)...............................13

*Katz v. United States,*
389 U.S. 347, 19 L.Ed.2d 576, 88 S.Ct. 507 (1967)......................................7

*Kaupp v. Texas,*
538 U.S. 626, 123 S.Ct. 1843, 155 L.Ed.2d 814 (2003)..............................12

*Maryland v. Wilson,*
519 U.S. 408, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997)....................................6

*Minnesota v. Dickerson,*
508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993)..............................8, 9

*Sibron v. New York,*
392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).....................................7

*Terry v. Ohio,*
392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).........................................*passim*

**FEDERAL COURTS OF APPEAL:**

*United States v. Dalpiaz,*
494 F.2d 374 (6th Cir. 1974) ......................................................................11

*United States v. Foust,*
461 F.2d 328 (7th Cir. 1972) ......................................................................11

*United States v. Reyes,*
349 F.3d 219 (5th Cir. 2003) ......................................................................11

## TEXAS COURT OF CRIMINAL APPEALS:

*Amador v. State,*
  221 S.W.3d 666 (Tex.Crim.App. 2007) ........................................................5

*Baldwin v. State,*
  278 S.W.3d 367 (Tex.Crim.App. 2009) ........................................................9

*Carmouche v. State,*
  10 S.W.3d 323 (Tex.Crim.App. 2000) ...............................................6, 11, 12

*Davis v. State,*
  829 S.W.2d 218 (Tex.Crim.App. 1992) ..................................................10, 11

*Ford v. State,*
  158 S.W.3d 488 (Tex.Crim.App. 2005) ........................................................9

*Hamal v. State,*
  390 S.W.3d 302 (Tex.Crim.App. 2012) ........................................................8

*Lippert v. State,*
  664 S.W.2d 712 (Tex.Crim.App. 1984) ......................................................10

*State v. Ibarra,*
  953 S.W.2d 242 (Tex.Crim.App. 1997) ......................................................12

*State v. Velaquez,*
  994 S.W.2d 676 (Tex.Crim.App. 1999) ..................................................12, 13

*State v. Weaver,*
  349 S.W.3d 521 (Tex.Crim.App. 2011) ........................................................6

*St. George v. State,*
  237 S.W.3d 720 (Tex.Crim.App. 2007) ........................................................5

*Wood v. State,*
  515 S.W.2d 300 (Tex.Crim.App. 1974) ......................................................11

**TEXAS COURTS OF APPEAL:**

*Arroyo v. State,*
  881 S.W.2d 784 (Tex.App.—Houston [14th Dist.] 1994)............................12

*Graham v. State,*
  893 S.W.2d 4 (Tex.App.—Dallas 1994, no pet.)...........................................9

*Flores v. State,*
  824 S.W.2d 704 (Tex.App.—Corpus Christi 1992) ......................................10

*Harris v. State,*
  827 S.W.2d 49 (Tex.App.—Houston [1st Dist.] 1992) ................................9, 10

*Josey v. State,*
  981 S.W.2d 831 (Tex.App.—Houston [14th Dist.] 1998)..............................6

**STATUTES AND CONSTITUTIONAL PROVISIONS:**

TEX. CODE. CRIM. PROC. art. 38.23 .................................................................7

U.S. CONST. AMEND. IV .................................................................................7

TEX. CONST. art. I § 9 ....................................................................................7

**12-15-00059-CR**

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**DERRICK DEMOND COOKS**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the 241st District Court of Smith County, Texas
Trial Cause No. 241-1485-14

**TO THE HONORABLE JUSTICES OF THE COURT:**

COMES NOW, Austin Reeve Jackson, attorney for Derrick Cooks, and files

this brief pursuant to the Texas Rules Of Appellate Procedure, and would show the

Court as follows:

## STATEMENT OF THE CASE

Derrick Cooks seeks to appeal his conviction and sentence for the offense of possession of a controlled substance. (I CR 78). Mr. Cooks was indicted for this case in November of last year in the 241st District Court of Smith County. (I CR 1). To this charge he entered a plea of "not guilty" and proceeded to trial by jury. (I CR 78). After being found guilty, Mr. Cooks was sentenced by that jury to serve a term of two years' confinement and pay a fine of $6,500. (*Id*.). Sentence was pronounced on 3 March 2015 and notice of appeal then timely filed. (I CR 78, 89).

## ISSUES PRESENTED

**I.    BECAUSE THE SEARCH OF MR. COOKS' POCK-ETS EXCEEDED THE SCOPE OF ANY LEGALLY PERMISSIBLE SEARCH, THE TRIAL COURT ERRED IN DENYING HIS MOTION TO SUPPRESS.**

## STATEMENT OF FACTS

On 30 June 2014, an officer with the Smith County Sherriff's Office was working in tandem with undercover officers who were observing a suspected drug house. (III RR 11). That officer was given information describing a vehicle that had just left that house. (III RR 11). After observing the car commit a traffic violation the officer initiated a traffic stop. (III RR 12).

Upon approaching the vehicle the officer observed an infant in the back seat, a young woman in the driver's seat, and Appellant, Mr. Derrick Cooks, in the front passenger seat. (III RR 15). After checking the driver's license the officer discov-

2

ered that she had outstanding warrants and he placed her in handcuffs with the intent that she would be arrested. (III RR 16). He then approached Mr. Cooks and asked him to step out of the car. (III RR 16). According to the officer, at that point he was intending simply to make sure he could release the vehicle and the infant to Mr. Cooks. (III RR 16). Upon exiting the vehicle, the officer observed that, in his opinion, Mr. Cooks appeared nervous, fumbled with his cell phone, and otherwise seemed suspicious. (*Id.*). As a result, the officer conducted a *Terry* pat-down for his safety. (III RR 17).

Despite finding no weapons, the officer nonetheless then conducted a second search of Mr. Cooks by instructing Mr. Cooks to walk to the back of the car and empty his pockets. (III RR 17). When he did so, Mr. Cooks removed from his pocket a bottle that was later determined to contain narcotics. (III RR 18). On this basis, Mr. Cooks was arrested and subsequently charged with the offense of possession of a controlled substance. (III RR 19).

In response to the charge Mr. Cooks entered a plea of "not guilty" and by way of a motion to suppress and an evidentiary hearing on the same developed the argument that the seized narcotics should have been suppressed, as they were the result of an illegal search. (I CR 26, 78). The trial court, however, disagreed and denied the motion. (III RR 40). The trial proceed, Mr. Cooks was convicted, and he was then sentenced to serve a term of two years' confinement. (I CR 78). Sen-

3

tence was pronounced on 3 March 2015 and notice of appeal then timely filed.  (I CR 78, 89).

## SUMMARY OF THE ARGUMENT

Both the United States Constitution and the Texas Constitution prohibit unreasonable searches and seizures.  Generally, searches without warrants are deemed unreasonable.  One exception to this rule is a protective *Terry* pat-down of an individual who has lawfully been detained.  However, the scope of a *Terry* search is limited to an officer's pat-down search for weapons which may reasonably place him in fear of his life or serious injury.  Once an officer has conducted such a search and that search has produced no weapons or contraband, any further search must be justified my probable cause and cannot be conducted merely because the officer is suspicious that a person might have an unarticulated "something else" in his pockets.

Here, the detaining officer conducted a *Terry* frisk and found no weapons.  After doing so and finding no weapons, the officer then ordered Mr. Cooks to empty his pockets.  That second search, conducted on the officer's mere suspicion or hunch that there may be something in Mr. Cooks' pockets the nature of which was not immediately discernable to the officer, was not constitutionally permissible and the resulting motion to suppress drug evidence recovered from that search should have been granted.

4

**ARGUMENT**

**I. BECAUSE THE SEARCH OF MR. COOKS' POCKETS EXCEEDED THE SCOPE OF ANY LEGALLY PERMISSIBLE SEARCH, THE TRIAL COURT ERRED IN DENYING HIS MOTION TO SUPPRESS.**

In the instant case Mr. Cooks filed a motion to suppress in which he sought to exclude from trial a bottle of PCP that officers recovered as a result of searching his pockets. (I CR

(I CR 32). A hearing was held on this motion during which time the detaining officer was the only witness to testify. (III RR 10-40). Following the hearing the trial court made written findings of fact and conclusions of law and ultimately found that the motion to suppress should be denied. (III RR 35-40). However, because the trial court erred in concluding that the second search of Mr. Cooks' pockets was constitutionally permissible, the Court should reverse the underlying judgment and remand the case for a new trial.

Standard of Review

A trial court's ruling on a motion to suppress is reviewed under a bifurcated standard. *Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007). A trial court's determination of historical facts is given almost total deference while the application of law to those facts is reviewed de novo. *Id.* As such, the trial court acts as the sole judge of the credibility of the witnesses and the weight to be given their testimony. *St. George v. State*, 237 S.W.3d 720, 725 (Tex.Crim.App. 2007).

On appeal, the party that prevailed at trial is generally afforded the most favorable vie of the evidence and the reasonable inferences that can be drawn from the same. *State v. Weaver*, 349 S.W.3d 521, 525 (Tex.Crim.App. 2011); *Carmouche v. State*, 10 S.W.3d 323, 332 (Tex.Crim.App. 2000).

Mr. Cooks Was Detained

After hearing evidence on the motion to suppress, the trial court, although not explicitly, effectively found that Mr. Cooks had been detained. (I CR 38-39). Moreover, although the issue was uncontested at trial, that the actions of the officer in this case constituted an investigatory detention, or seizure is worth nothing as part of the analysis of this case. *See Maryland v. Wilson*, 519 U.S. 408, 412-14, 117 S.Ct. 882, 885-86, 137 L.Ed.2d 41 (1997) (holding that when the driver of a vehicle is detained any passengers in that vehicle are detained as well); *see also Terry v. Ohio*, 392 U.S. 1, 19 n.16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) (For Fourth Amendment purposes a "seizure" occurs when "by means of physical force or show of authority, [an officer] has in some way restrained the liberty of a citizen."). Similarly, to aid the Court's in its review of the issue before it, Appellant would concede that the driver in this instance, as found by the trial court, was legally detained. (I CR 38); *See, e.g., Josey v. State*, 981 S.W.2d 831, 837-38 (Tex.App.—Houston [14th Dist.] 1998, pet. ref'd) (driver and passengers may be detained on the basis of a traffic violation committed by the driver).

This does not, however, end the inquiry.

Simply because someone has been legally detained does not mean that any subsequent search of their person is automatically legal. *Katz v. United States*, 389 U.S. 347, 357, 19 L.Ed.2d 576, 88 S.Ct. 507, 514 (1967) (holding that such searches are per se unreasonable and subject to only a few, limited circumstances). In fact, a person detained by law enforcement continues to enjoy protections against searches from both the United States and Texas constitutions. U.S. CONST. amend. IV; TEX. CONST. art. I § 9; TEX. CODE CRIM. PROC. art. 38.23(a).

One of the few exceptions to the "inestimable right of personal security" the government intrusion on which is protected by our founding state and federal documents was discussed in the landmark case of *Terry v. Ohio*. *Terry*, 392 U.S. at 8-9. In *Terry*, the Supreme Court held that a police officer who has reasonable, articulable suspicion "that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officers or others" may be searched "to determine if the person is in fact carrying a weapon." *Id*. at 24. On the same day it issued its opinion in *Terry*, the Supreme Court issued an opinion in *Sibron v. New York* in which it explicitly limited the nature of the search discussed in *Terry* to those few searches the "only goal of which might conceivably" result in in the discovery of dangerous weapons. *Sibron*, 392 U.S. 40, 65, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). The Court has continued to restrict *Terry* searches

7

in an unequivocal manner, explaining that "[t]he purpose of this limited search is not to discover evidence of a crime, but to allow the officer to pursue his investigation without fear of violence." *Adams v. Williams*, 407 U.S. 143, 146, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). Any search that exceeds that limited scope produces results that must be suppressed. *Minnesota v. Dickerson*, 508 U.S. 366, 373, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993).

### This Search Exceeded the Limited Scope Search Authorized by *Terry*

Appellant does not argue that the initial pat-down search of Mr. Cooks was illegal or impressible. Rather, Appellant concedes, given the totality of the circumstances, that the officer could permissibly conduct a pre-emptive, protective search of Mr. Cooks. *See, e.g., Hamal v. State*, 390 S.W.3d 302, 308 (Tex.Crim.App. 2012) (holding that nervousness when coupled with additional factors may justify a protective search). However, the officer admitted at trial that after initially patting down Mr. Cooks he found no weapon and conducted a second search of his pockets to see if Mr. Cooks "was still trying to hide something." (III RR 32). After making this statement the officer attempted to walk it back somewhat explaining:

> There's a potential [after the pat-down] to have a weapon in his pocket. I don't know exactly what's in his pocket. I mean, I can feel loose change. There's other items in the pocket. Could be a small pocketknife. Could not be. I mean, I have no idea what's in his pocket.

(III RR 33).

8

The problem with this comment is that a *Terry* search is limited to those situations where "a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry*, 392 U.S. at 27. Importantly, the officer in this case, even while noting there might have been something else in Mr. Cook's pocket, was unable to describe anything he reasonably believed to be a threat: no bulge in the shape of a weapon, no sharp or dangerous object, nothing. Where the incriminating character of an object is not reasonably and immediately apparent, an office has no authority to perform a search to retrieve the same. *Graham v. State*, 893 S.W.2d 4, 6 (Tex.App.—Dallas 1994, no pet) (*citing Minnesota v. Dickerson*, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993)). "[W]hen the conditions of the 'plain feel' doctrine … are not present, an officer conducting a valid investigative detention must have probable cause in order to conduct a search for non-weapon contraband or other evidence." *Baldwin. v. State*, 278 S.W.3d 367, 372 (Tex.Crim.App. 2009). And an inarticulate suspicion or hunch, as the Court has here, is not the stuff of probable cause. *Ford v. State*, 158 S.W.3d 488, 493 (Tex.Crim.App. 2005). Because the officer found no weapons or other immediately identifiable contraband, and because he lacked probable cause to conduct his search exceeding that scope permissible by *Terry*, there was no legal basis to support any additional search of Mr. Cooks' pockets. *See, e.g., Harris v. State*, 827 S.W.2d 49, 50-52 (Tex.App.—Houston [1st

9

Dist.] 1992, pet. ref'd) (officers cannot extend *Terry* search to contents of pockets on mere hunch or possibility of finding contraband or a weapon).

Additionally, to the extent that the officer in this instance was concerned about his safety, that concern must have been reasonable. *Terry*, 392 U.S. at 28. That is, the officer must have been reasonable concerned that Mr. Cooks was carrying a weapon in his pockets the nature of which posed a legitimate risk to his safety. *Id*. Yet we know this was not the case as the officer had already check for weapons and found none and further testified that, at most, he thought Mr. Cooks might have "a small pocketknife." (III RR 33). A small knife, razor blades, needles or other such weapons does not rise to the level of threatening officer safety to the point that an additional search can be justified. *See Davis v. State*, 829 S.W.2d 218, 220 (Tex.Crim.App. 1992) (scope of search is limited to the discovery of weapons that could reasonably be used to harm the officer); *Harris*, 827 S.W.2d at 52; *Flores v. State*, 824 S.W.2d 704, 706 (Tex.App.—Corpus Christi 1992, no pet.).

> *Terry* permits a search only for those weapons that could reasonably harm the police officer. "If in the course of a pat-down frisk the officer satisfies himself that the suspect has no [such] weapons, the officer has no valid reason to further invade the suspect's right to be free of police intrusion absent probable cause to arrest."

*Davis*, 829 S.W.2d at 221 (*quoting Lippert v. State*, 664 S.W.2d 712, 721 (Tex.Crim.App. 1984). The purpose of a limited search after an investigatory stop

is not to discover evidence of a crime, but to allow an officer to pursue an investigation without the fear of violence. *Wood v. State*, 515 S.W.2d 300, 306 (Tex.Crim.App. 1974). Once the officer in this case relieved himself of that fear, he had no legal authority to search Mr. Cooks' pockets and the trial court erred in concluding otherwise. To this end, Appellant would urge the Court to adopt the language of the Court of Criminal Appeals in *Davis* and hold:

> Although there were adequate grounds to search appellate for weapons, the scope of the search conducted by [the officer] clearly exceeded any justification that he might have had to search for weapons for his protection and therefore rendered the [drugs] inadmissible under Article I, section 9 of the Texas Constitution and the Fourth and Fourteenth Amendments to the United States Constitution.

*Davis*, 829 S.W.2d at 221.

There Was No Valid Consent to the Search

The State will likely argue in response that Mr. Cooks consented to the search of his pockets. However, it should be noted that the "request" to empty his pockets was not so much a request or option pretend to Mr. Cooks, but an instruction to submit to a search given to him by an officer who had detained him. *See, e.g., United States v. Reyes*, 349 F.3d 219, 225 (5th Cir. 2003) (officer's verbal order to empty pockets constituted a search); *United States v. Dalpiaz*, 494 F.2d 374, 377 (6th Cir. 1974) (same); *United States v. Foust*, 461 F.2d 328, 331 (7th Cir. 1972) (same). To the extent that the request made of Mr. Cooks was a request to which he consented, to be valid that consent must have been voluntary. *Car-*

11

*mouche v. State*, 10 S.W.3d 323, 331(Tex.Crim.App. 2000). Voluntariness must be proven by the State by clear and convincing evidence and is determined by a review of the totality of the circumstances. *State v. Ibarra*, 953 S.W.2d 242, 243 (Tex.Crim.App. 1997); *Carmouche*, 10 S.W.3d at 331.

Here, prior to asking Mr. Cooks to empty his pockets, the officer had made a show of force by activating his vehicle lights, pulling over the driver of the vehicle, ordering Mr. Cooks out of the car, and by instructing Mr. Cooks to walk to the rear of the vehicle. (III RR 10-35). Mr. Cooks yielded to this show of authority and was, for Fourth Amendment purposes, detained. *Kaupp v. Texas*, 538 U.S. 626, 629, 123 S.Ct. 1843, 155 L.Ed.2d 814 (2003) (a "seizure" occurs when "by means of physical force or show of authority, [an officer] has in some way restrained the liberty of a citizen."). Additionally, at that point, the driver of the vehicle was standing in handcuffs and was being arrested on outstanding warrants. (III RR 31). So, effectively the officer prevented Mr. Cooks from both waling away and driving away. After thus restraining Mr. Cooks, the officer also failed to inform him that he had the right to refuse to consent to any search. *See State v. Velasquez*, 994 S.W.2d 676, 679 (Tex.Crim.App. 1999) (an officer's failure to advise a person of their right to refuse consent is a factor courts may consider); *Arroyo v. State*, 881 S.W.2d 784, 789 (Tex.App.—Houston [14th Dist.] 1994, no pet.). Under these circumstances no reasonable person would have believed they were free to leave or

refuse to comply with the instructions of an officer who had substantially infringed on their liberty. *Id.* at 678-79 (the test is "whether the police conduct would have communicated to a reasonable person that the person was not free to decline the officers' requests or otherwise terminate the encounter.") (*citing Florida v. Bostick*, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991). Therefore, because any consent that was arguably given was involuntary, it cannot serve to cure an otherwise unconstitutional search.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, counsel prays that because the search of Mr. Cooks was constitutionally impressible, and because, therefore, the trial court erred in denying his motion to suppress the evidence seized subsequent to that search, that the Court reverse the underlying judgment and remand the case for a new trial.

Respectfully submitted,

/s/ Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

13

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this brief was delivered to counsel for the State by e-file concurrently with its filing in the Court.

/s/ Austin Reeve Jackson

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the requirements of Rule 9.4 and consists of 3,136 words.

/s/ Austin Reeve Jackson